## Northcutt v. Cincinnati, Newport & Covington Ry. Co.

February 1, 1949.

Milton H. McLean for appellant.

Arthur J. Daly for appellee.

Opinion of the Court by Judge Helm—Affirming.

This is an appeal from a judgment dismissing appellant's petition as amended, after a demurrer had been sustained thereto and appellant had declined to plead further.

Appellant alleges that during rush hours, on February 8, 1945, she boarded a car of appellee, a common carrier for hire, as a passenger at its terminus in Cincinnati, Ohio, for transportation along Eastern Avenue to the intersection of Eastern Avenue and Twenty-first Street, near her home in Covington, Kentucky; that the car presented "and which she boarded was not a regular carrying passenger car" on that route, but was one regularly in use on the Main Street route and was used as an extra on the Eastern Avenue route because of the heavy travel at that time; that she daily for years had regularly traveled the Eastern Avenue route and was accustomed to the aisles and exits of the cars regularly used on that route "so that when she sought to alight from the car * * * mentioned, did not note, or have occasion to note or observe, that the car she was then alighting from did not have a level aisle extending the full inside length thereof;" that the center aisle did not extend the full inside length of the car but only extended the length of that part of the car which was set apart for seating use, ending at both ends with steps therefrom; that the passengers in leaving the car had to step down to a floor level extending the full width of the car and leading on one side to exit steps; that she "unknowingly encountered this down step, whereby she was cast forward with great force against an upright iron door rod and other parts of the car," thereby causing injuries to her.

Appellee demurred to plaintiff's petition. Appellant filed an amended petition alleging that in the upper right-hand corner of the car referred to in her petition, there was a sign with the words "Watch your step," "intended thereby to give warning to persons seeking exit from said cars of the aforesaid down step, of its presence and dangers attending exiting without observing said step"; that the notice was wrongly placed and was wholly inadequate and insufficient to warn passengers in exiting from aforesaid car;" that she did not notice the sign and did not know there was such a sign; that appellant "did negligently fail to give proper and sufficient notice to plaintiff of the aforesaid dangers attending exiting therefrom."

The question is, did the petition as amended state a cause of action? We believe it did not.

In discussing the duty of a street railway company as a carrier of passengers, appellant quotes from the case of South Covington & Cincinnati Street Railway Company v. Markel, 168 Ky. 625, 182 S. W. 850. In that case, Markel complained that he fell from the step of a car on account of snow and ice that had accumulated on the step. Here, there is no complaint that there was any snow or ice or mud, or any foreign substance on or about the step that caused her to fall. There is no plea that the step was worn or broken, or was unreasonably high. There is no plea of sudden start, stop, jolt, lurch, jerk, or improper operation of the car. Appellant plead that appellee regularly operated the type of car on which she fell on its Main Street route. There is no suggestion that this was not the sort of car regularly used by prudent persons in the operation of street railway companies. She does not plead that the step was dangerous. She does seem to endeavor to infer that it was dangerous because of her plea as to the sign "Watch your step." It is common knowledge that the sign "Watch your step" is placed in or on many of the most modern and up-to-date cars and busses. The sign in this car was not "Watch the step" but "Watch your step." The plea as to the sign is clearly not a plea that the car or step was dangerous.

On the question of the "Watch your step" sign, appellant cites the case of Louisville & N. R. Co. v.

Gregory, 279 Ky. 295, 130 S. W. 2d 745. In that case a sign had been erected and was maintained along the railway tracks near the scene of the accident fixing the maximum speed for passenger trains. This was a regulation governing the employees of the railroad company and is not in point in this case.

In her petition she says that she "unknowingly encountered this down step;" that she did not note or have occasion to note or observe that the car in which she was riding had a different aisle arrangement from the cars on which she usually traveled. In her brief she states that "when exiting from said car" she "was intuitively moving along, lulled thereby out of occasion to look or observe" the aisle arrangement of the car. She had, of course, boarded the car in Cincinnati, and presumably noticed the aisle arrangement of the car as she stepped up into it.

A carrier of passengers for hire must use that high degree of skill and care which prudent men are accustomed to use under like circumstances, but a common carrier is not, of course, an insurer of its passengers. It is clear, we believe, that appellant did not, in her petition as amended, state a cause of action against appellee, and that the trial court properly sustained the demurrer to her pleadings.

The judgment of the lower court is affirmed.